### HENLEY v. BROWN,

JUDGE CRENSHAW delivered the opinion of the Court.

This was a bill in Chancery, in which it is alleged that the complainant and defendant agreed to purchase a certain tract of land, when sold by the agents of the United States, and equally to divide the same ; that the defendant was to bid off the lands at the sale ; and that in pursuance of said agreement, he did bid off and purchase the land, and that the complainant afterwards tendered him his part of the purchase money, &c. The bill prays that a specific performance of this agreement may be decreed.

The answer denies the agreement set forth in the bill, but admits that there was something like a conditional agreement to divide the land, if the defendant should purchase also another tract, but avers that this other tract was not purchased.

The presiding Judge refused to hear the depositions of witnesses read, on the ground that the agreement set forth in the bill, was void by the statute of frauds and perjuries, and that parol evidence could not be received to prove the agreement, it having been denied by the answer. The bill was consequently dismissed, and from that decree the case is now here for revision.

It has been contended, that this is not a case which comes within the purview of the statute of frauds and perjuries. The statute of frauds and perjuries, among other things, provides, " that no action shall be brought on any contract for the sale of lands, unless the contract, or some note or memorandum thereof, be reduced to writing signed by the party to be charged.

The agreement described in the bill was a contract for the sale of land, and therefore void by reason of its not being reduced to writing, as is required by the statute.

If the defendant agreed to divide with the complainant the land in question, this was substantially an agreement to sell and convey to him one half of the land, and was therefore a contract for the sale of land. There is no doubt but that if the agreement was in part performed, or if, as was contended in argument, the contract was

admitted by the defendant's answer, and the benefit of the statute was not insisted on. Either of these circumstances would take the case out of the statute, and then it would not be necessary to prove a memorandum in writing, shewing the terms of the agreement. But neither of these circumstances exist in the present case. The answer does clearly deny the existence of the contract, and the bill does not even allege any thing like part performance by complainant, or pretend to shew any consideration to support the contract. If the contract were in writing, it would yet be void for want of a sufficient consideration. The complainant contributed neither money nor services, nor any other thing of value, deemed in l:w a sufficient consideration to support a contract. And at common law, a contract without consideration, was *nudum pactum* and void. And the statute of frauds did never intend to make a contract, which was void at common law, good and valid, merely because it was reduced. to writing, and signed by the party to be charged.

The Court are unanimous in saying that the decree of t e Circuit Court should be affirmed.

BARTON and PICKENS, for plaintiff.

S. L. PERRY and COLLIER, for defendant in error.